[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 29, 2008
THOMAS K. KAHN
CLERK

No. 08-11573
Non-Argument Calendar

_____

D. C. Docket No. 05-02357-CV-TCB-1

GWENDOLYN TROUP,

Plaintiff-Appellant,

versus

FULTON COUNTY, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 29, 2008)**

Before DUBINA, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Gwendolyn Troup ("Troup"), brought an action in the United States Court for the Northern District of Georgia, under 42 U.S.C. § 1983, alleging that Fulton County, Georgia, violated her procedural due process rights under the Fifth and Fourteenth Amendments of the United States Constitution by denying her application for disability retirement benefits. Troup subsequently withdrew her Fifth Amendment claims, and the district court granted summary judgment in favor of the county on the remaining Fourteenth Amendment claims. We affirm.

The issue presented on appeal is whether the district court properly granted the county's motion for summary judgment where Troup failed to demonstrate a constitutionally protected interest in the disability retirement benefits offered by Fulton County, Georgia's defined contribution plan.

We review *de novo* a district court's grant of a motion for summary judgment. *Begner v. United States*, 428 F.3d 998, 1001 (11th Cir. 2005). "Summary judgment is proper if, when viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 911 (11th Cir. 2007).

After reviewing the record and reading the parties' briefs, we conclude that the district court properly granted the county's motion for summary judgment

2

because applicants for benefits do not have a legitimate entitlement to those benefits that triggers due process protection. Troup contends that the district court erred in finding that she had no constitutionally protected property interest in potential disability retirement benefits. The United States Supreme Court has "never held that applicants for benefits, as distinct from those already receiving them, have a legitimate claim of entitlement protected by the due process clause of the Fifth and Fourteenth Amendments." *Lyng v. Payne*, 476 U.S. 926, 942, 106 S. Ct. 2333, 2343 (1986) (citing *Walters v. National Assn. of Radiation Survivors*, 473 U.S. 305, 320, n.8, 105 S. Ct. 3180, 3189, n.8 (1985)). In her brief, Troup also recognizes that the Eleventh Circuit has never ruled that applicants for benefits have constitutionally protected interests. Troup does rely on the Fourth Circuit case of *Mallette v. Arlington County Employees' Supplemental Retirement System II*, 91 F.3d 630 (4th Cir. 1996), in which the Fourth Circuit found that, as "a member of the class of persons the Retirement System was intended to protect and benefit, Mallette has more than an abstract desire for the benefits." *Id.* at 636. It is important to note, however, that the Fourth Circuit further found that Mallette would have a property interest in those benefits and the attendant right to be heard only if she could "make a prima facie case of eligibility. . . ." pursuant to "the Arlington Code [that] vests county employees who meet its eligibility

3

requirements with a right to receive disability retirement benefits when they suffer work-related disabilities." *Id.* (internal citations omitted).

In the present case, however, it is undisputed that after receiving additional information from hand specialist Dr. Jim Roderique, Dr. Eric A. Benning of the Fulton County Health Department advised the Administrative Committee of the plan that Troup did not meet the criteria for total disability under the plan. As such, Troup did not meet the plan's disability retirement criteria, and could not establish a prima facie case of eligibility even if the Fourth's Circuit's decision in Mallette were binding on us.

Because we conclude that there is no merit to any of the arguments Troup makes in this appeal, we affirm the district court's grant of summary judgment.

**AFFIRMED.**